**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Andrew Lawrence MATSON, Defendant-Appellant.**

**No. 12362.**

United States Court of Appeals
Seventh Circuit.

Jan. 19, 1959.

Oscar Rademacher, Medford, Wis., for appellant.

George E. Rapp, U. S. Atty., Madison, Wis., for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

Defendant-appellant Matson was found guilty by the District Court of a violation of the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 462, following a bench trial. He was sentenced to two years imprisonment and this appeal followed.

Matson registered with his Local Board at Neillsville, Wisconsin on June 1, 1950. He claimed exemption as a conscientious objector and filed a SSS Form No. 150. After an oral hearing the Local Board classified him I–A and he appealed. The Appeal Board also classified him I–A and he was ordered to report for induction on October 10, 1952. He reported and was accepted but refused to be inducted. He was thereupon found delinquent and was indicted.

Pending the criminal prosecution and prior to trial the Supreme Court handed down its opinion in Gonzales v. United States, 1955, 348 U.S. 407, 75 S.Ct. 409, 99 L.Ed. 467. As Matson had not been furnished a copy of the recommendation of the Justice Department the indictment against him was dismissed.

On December 3, 1954, while Matson was a delinquent registrant classified in I–A and not inducted, the Local Board reopened his case and ordered him to appear on December 7, 1954. He so appeared and after a hearing the Local Board again classified him I–A. He appealed. The Appeal Board also classified him I–A and sent his cover sheet to the Wisconsin State Selective Service Head-

quarters. State Headquarters returned it to the Appeal Board with instructions to transmit to the Department of Justice. The Department of Justice made its report and recommendation, a copy of which was forwarded to Matson by the Appeal Board advising him he could make reply thereto within 30 days, which he then did. Thereafter, on August 9, 1956, the Appeal Board classified Matson I–A and on August 20, 1956 notice thereof was mailed to him.

On September 14, 1956 Matson was mailed his Order to Report for Induction on October 11, 1956. He refused to report as ordered and, therefore, it is impossible to know whether he would then have been accepted or rejected for military service. Thereafter the indictment was returned in the case at bar.

On the trial below the District Court held that Matson could not challenge the propriety of his classification because he had failed to exhaust his administrative remedies. His appeal is predicated on one contested issue which he asserts to be as follows:

"Did the registrant under the Selective Service System, exhaust his administrative remedies?"

He contends that he did as the Local Board was without jurisdiction to reopen his case on December 3, 1954 for the reason that it had "not made a specific finding that there had been such a change in the defendant's status" as required by 32 CFR 1625.2 and, therefore, the Appeal Board was also without jurisdiction to make the I–A classification which resulted in the report for induction order of September 14, 1956 which Matson refused to obey.

Matson does not contend that he exhausted his administrative remedies if the Local Board had the authority to reopen his case on December 3, 1954. Such

a contention would, of course, be pure sophistry as an order to report for induction is not equivalent to acceptance for service. Had Matson reported he might have been rejected. "The connected series of steps into the national service which begins with registration with the local board does not end until the registrant is accepted by the Army * * *." Falbo v. United States, 1944, 320 U.S. 549, 553, 64 S.Ct. 346, 348, 88 L.Ed. 305; Mason v. United States, 9 Cir., 1955, 218 F.2d 375, 377.

The contention of Matson that the Local Board had no authority to reopen his case on December 3, 1954 completely ignores 32 CFR 1642.14(b) which reads as follows:

"The classification of a delinquent registrant who is classified in or reclassified into Class I–A or Class I–A–O under the provisions of this part may be reopened at any time before induction in the discretion of the local board without regard to the restrictions against reopening prescribed in section 1625.2 of this chapter."

The undisputed facts are that on December 3, 1954 32 CFR 1642.14(b) was in full force and effect; Matson was a delinquent registrant; he had been classified I–A; and he had not been inducted.

We, therefore, hold that the Local Board had full authority to reopen Matson's case on December 3, 1954; that the classification of Matson as I–A by the Appeal Board on August 9, 1956 was with due process; and that Matson by not reporting for induction on October 11, 1956 failed to exhaust his administrative remedies.

The District Court correctly ruled as it did and the judgment is

Affirmed.